NOT FOR PUBLICATION                                                                                          [4]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER CARTER, | : |
| Plaintiff, | : Civil Action No. 06-4497 (FLW) |
| v. | : **OPINION** |
| NEW JERSEY ASSOCIATION OF SCHOOL ADMINISTRATORS, its employees, agents, and/or servants. | : |
| Defendants. | : |

### WOLFSON, District Judge

      Presently before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint against Defendants New Jersey Association of School Administrators, its employees, agents and/or servants pursuant to Fed. R.Civ.P. 12(b)(4) and (5), and Plaintiff's Cross Motion to extend the time within which to serve the Summons and Complaint pursuant to Fed. R.Civ.P. 4(m). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court has considered the respective moving and opposition papers; for the reasons that follow, the Court finds that Plaintiff's Cross Motion for an extension of time within which to serve the Summons and Complaint upon Defendant New Jersey Association of School Administrators is granted. However, pursuant to the Court's March 8, 2007 Order, Plaintiff's claims against any individuals "are hereby dismissed for failure to identify said individuals, insufficient process and insufficient service of process . . . ." Plaintiff shall be afforded a ten (10) period within which to serve the Summons and Complaint upon Defendant New Jersey Association of School Administrators.

**I. Background**

In this civil rights action filed on or about September 21, 2006,[1] Plaintiff alleges that the New Jersey Association of School Administrators ("NJASA") and its employees, agents, and/or servants, violated Plaintiff's civil rights, under the United States Constitution, 42 U.S.C. §§ 1981, 1983, 1985, and 1986, Title VII of the Civil Rights Act of 1964, and the New Jersey Law Against Discrimination, when they allegedly discriminated against Plaintiff by refusing to hire him as NJASA's Executive Director because he was African American. Plaintiff's Complaint ("Pl. Comp."), at 1-7.

On October 17, 2006, Plaintiff served the Complaint upon NJASA; however, Plaintiff's service was insufficient because:

> Plaintiff never obtained a proper summons from the Clerk of this Court but served the complaint on October 17, 2006, together with an unsigned summons prepared by Plaintiff's counsel that failed to: (a) contain the seal of this Court; (b) state the number of days within which NJASA was to respond; and (c) identify the Court in which the action was commenced.

Certification of Richard J. Cino, dated February 9, 2007, ("Cino Cert."), at ¶ 3. A Proof of Service was filed by Plaintiff with the Court on October 20, 2006; however, the Clerk of the Court posted a message on the Court's ECF Docket Sheet that "[n]o Summons has ever been issued in this case." Id. at ¶¶ 3-4. Plaintiff's counsel claims that he was unaware that a Summons had not been issued in the case because he never received the ECF email message from the Clerk of the Court due to a "Spam filtering program" in his email system. Certification of Raymond L. Hamlin, Esq., dated March 16, 2007, ("Hamlin Cert."), at ¶ 5.

---

[1] There is a discrepency as to the date of when the Complaint was filed in this action. Plaintiff claims it was filed on September 20, 2006, and Defendant claims that it was filed on September 21, 2006. However, this discrepency has no bearing on the instant motions.

Beginning in October 23, 2006, Defendant's counsel made several attempts to contact Plaintiff's counsel "to resolve the issues surrounding Plaintiff's insufficient process and service of process"; however, Plaintiff's counsel, with the exception of one voicemail message, failed to contact Defendant's counsel regarding these issues. Cino Cert. at ¶¶ 5-7. Therefore, on February 9, 2007, Defendant's counsel filed the instant motion asking this Court to dismiss Plaintiff's Complaint.

Plaintiff's counsel attributes his failure to properly serve the Summons and Complaint to "a former office staff member." Hamlin Cert. at ¶¶ 8-10. He notes that a proper Summons was eventually issued by the Clerk of the Court on February 15, 2007, and on February 20, 2007, belatedly, proper service was effected upon Defendant's agent. Id. at ¶¶ 14-15. Plaintiff claims that the insufficient process and service of process of the Complaint "did not impair the Defendants from preparing a defense," and that "the Defendants have been properly served and have not suffered any evidence of prejudice." Plaintiff's Memorandum of Law in Support of Cross Motion, dated March 16, 2007 ("Pl. Memo."), at 6-7.

Defendant's counsel claims that Plaintiff has failed "to demonstrate the requisite good cause for the Court to extend time to serve the Complaint." Defendant's Opposition Memorandum, dated March 23, 2007 ("Def. Memo."), at 3. According to Defendant, Plaintiff has not provided "an adequate explanation for his disregard of court generated notices, counsel's telephone calls and NJASA's correspondence advising him of the service deficiencies." Id. Further, Defendant claims that "Plaintiff made virtually no effort to properly effect service" until approximately "141 days after the complaint was filed." Id. at

4.

## II. Discussion

### A. New Jersey Association of School Administrators

When considering a motion to extend time to serve the summons and complaint under Fed. R.Civ.P. 4(m), a court must "determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended." Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). However, if "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id.; see also MCI Telecommunications Corp. V. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). The Third Circuit equates "'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" MCI Telecommunications Corp., 71 F.3d at 1097 (quoting Petrucelli, 46 F.3d at 1312). When determining if good cause exists, the court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Delays resulting "from inadvertence of counsel . . . need not be excused." Petrucelli, 46 F.3d at 1308.

In the absence of good cause, the court has the discretionary power to extend the time for service. The Advisory Committee Note to Fed. R.Civ.P. 4(m) provides that "'[r]elief may be justified,'" even without the showing of good cause, "'if the applicable statute of limitations would bar the refiled action . . . .'" Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir.

1997) (quoting Fed. R.Civ.P. 4(m) Adv. Comm. Notes (1993)). In fact, in interpreting Fed. R.Civ.P. 4(m) our district courts treat "the running of the statute of limitations as a factor favoring the plaintiff and not a basis for potential prejudice to defendant" Id. at 759. Further, the Third Circuit has "repeatedly" stated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, Plaintiff offers no acceptable explanation as to why he did not properly effect service until approximately 141 days after the complaint was filed. As the Third Circuit stated in Petrucelli v. Bohringer and Ratzinger, a delay in service resulting "from inadvertence of counsel . . . need not be excused," and this Court agrees. Further, Plaintiff offers no explanation as to why he never returned Defendant's counsel's numerous phone calls and letters seeking to address the improper service of the Summons and Complaint in this matter.

Although the Court finds good cause lacking, the Court will use its discretionary power and extend Plaintiff's time for service. Here, all of Plaintiff's claims have a two-year statute of limitations period, and thus, Plaintiff's Complaint, in order to be considered timely, must have been filed on or before September 23, 2004, the date Plaintiff alleges he was discriminated against by Defendant NJASA. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006) (§ 1983 actions brought in the State of New Jersey are governed by a two-year statute of limitations period); see also Montells v. Haynes, 133 NJ 282, 291-92 (1993) (Under New Jersey Law, all LAD claims have a two-year statute of limitations period). If Plaintiff's Complaint were to be dismissed, the statute of limitations would bar

5

Plaintiff from refiling his Complaint because more than two years have passed since Plaintiff allegedly was discriminated against by Defendant. The Court agrees with the Third Circuit that the running of the statute of limitations is a factor favoring the Plaintiff and justifying the Court to use its discretionary powers to extend the time of service. Therefore, the Court finds that pursuant to its discretionary power under Fed. R.Civ.P. 4(m), the Third Circuit's preference that cases be disposed of on the merits whenever practicable, and the fact that the statute of limitations would bar Plaintiff from refiling the instant action, Defendant's Motion to Dismiss Plaintiff's Complaint as to Defendant New Jersey Association of School Administrators is denied, and Plaintiff's Cross Motion for an extension of time within which to serve the Summons and Complaint upon Defendant New Jersey Association of School Administrators is granted.

### B.     Individual Defendants

On March 8, 2007, the Court ordered, in part, the following:

- that to the extent Plaintiff's complaint asserts claims against individuals, those claims are hereby dismissed for failure to identify said individuals, insufficient process and insufficient service of process; and

- that to the extent any claims remain following the disposition of Defendant's motion to dismiss, such claims may be asserted only against the entity the New Jersey Association of School Administrators.

Therefore, pursuant to the Court's March 8, 2007 Order, Defendant's Motion to Dismiss Plaintiff's Complaint as to any individuals is granted, and as such, Plaintiff may only assert claims under the New Jersey Association of School Administrators.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint as

to Defendant New Jersey Association of School Administrators is denied, Defendant's Motion to Dismiss Plaintiff's Complaint as to any individuals is granted pursuant to the Court's March 8, 2007 Order, and Plaintiff's Cross Motion for an extension of time within which to serve the Summons and Complaint upon Defendant New Jersey Association of School Administrators is granted.  An appropriate order will follow.

Dated: April 11, 2007                                     /s/ Freda L. Wolfson
                                                          Honorable Freda L. Wolfson
                                                          United States District Judge